**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
Elizabeth A. Wagner, Esq. (317098)
elizabeth@loker.law
Scott M. Plescia (349319)
scott@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 994-0177
Facsimile: (805) 994-0197

*Attorney for Plaintiffs*,
Mae Aquino and Donte Brown Jr.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MAE AQUINO; AND DONTAE BROWN JR** <br><br> Plaintiffs, <br><br> v. <br><br> **PATELCO CREDIT UNION,** <br><br> Defendant. | **Case No.:** <br><br> **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. § 1693, ET SEQ.** <br><br> **JURY TRIAL DEMANDED** |

# INTRODUCTION

1. The stated purpose of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA"), is to "provide a basic framework establishing the rights, liability, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). EFTA's "primary objection…is the provision of individual consumer rights." *Id*. Moreover, the language of EFTA indicates that the consumer protection measures contemplated by it are aimed at promoting disclosure, preventing fraud, and allocating liability. *Id*., at 1693d-

2. MAE AQUINO; AND DONTAE BROWN JR ("Plaintiffs"), by Plaintiffs' attorneys, brings this action to challenge the actions of PATELCO CREDIT UNION("Defendant') with regard to an unauthorized electronic funds transfer.

3. Plaintiffs makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, or to Plaintiffs' counsel, which Plaintiffs alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

6. Any violations by each Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to federal question jurisdiction under 28 U.S.C. § 1331. More particularly, this action arises out of Defendant's violations of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA").

9. Because Defendant conducts business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiffs resides in Contra Costa County in this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

11. Plaintiffs are both a natural person who resides in Contra Costa County, State of California, and are a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

12. Plaintiffs are both a "consumer" as that term is defined by 15 U.S.C. 1693a(6).

13. Defendant is a banking corporation located in California.

14. Defendant is a "financial institution" as defined by 15 U.S.C. 1693a(9).

15. Defendant is a corporation doing business in the County of San Bernardino, State of California, and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

## FACTUAL ALLEGATIONS

16. At all times relevant, Plaintiffs are individuals residing within the State of California.

///

17. Plaintiffs maintained a deposit account with Defendant that constitutes an "account" as defined by 15 U.S.C. § 1693a(2) and 12 C.F.R. 1005.2(b)(1). Plaintiffs had a member number ending in 2313 that was associated with this deposit account, with Defendant (the "Account").

18. In early July 2024, Plaintiffs could not access the Account due to a ransomware attack occurring with Defendant's online network.

19. On or around late July 2024, Plaintiffs regained access to the Account. Plaintiffs were dismayed as an array of fraudulent activity had occurred on the Account.

20. Plaintiffs noticed a total of 26 fraudulent transactions totaling $14, 373 dollars.

21. All of these fraudulent transactions were made via a banking app called "Apple Cash".

22. Plaintiffs have never used the Account for Apple Cash transactions.

23. The Account was drawn into a negative balance of approximately $10,000 dollars by the fraudster.

24. Plaintiffs disputed these transactions directly with Defendant in July 2024 and again in August 2024.

25. These disputes pointed out why the transactions were fraudulent and that the transactions were not made by Plaintiffs.

26. Plaintiffs were severely disappointed as the received multiple correspondence from Defendant denying Plaintiffs' disputes.

27. Specifically, Plaintiffs received correspondence on August 24, 2024, from Defendant closing Plaintiff's fraud dispute and upholding the fraudulent transactions as valid.

28. Defendant stated that the transactions were upheld because "There was no fraud pattern found and/or not true fraud for the transaction(s) listed in the dispute. The transaction(s) listed in the dispute were processed using the Cardholder's Apple Pay account which was successfully registered".

29. Defendant ignored the fact that Plaintiffs had never used Apple Cash or Apple Pay on the Account.
30. Defendants further ignored that Plaintiffs did not have access to the Account in early July due to the ransomware attack.
31. Defendant further ignored that Plaintiffs' account was over drawn to a negative balance of approximately $10,000 dollars.
32. Plaintiffs have never overdrawn the Account into a negative amount.
33. The 26 consecutive Apple Cash transactions were a clear indicator of fraud and ignored by Defendant.
34. Furthermore, Defendant knew of the ransomware attack and that it had compromised consumers account security.
35. Plaintiffs have been in constant dispute with Defendant trying to get this situation remedied.
36. Defendant continues to hold Plaintiff liable for approximately $14, 373 in fraudulent charges despite Plaintiffs' timely and thorough disputes.
37. This has caused Plaintiffs emotional and financial stress.
38. Plaintiffs submitted their dispute to Defendant in less than 60 days from receipt of the Account statements showing the unauthorized transactions.
39. Defendant's investigation was unreasonable.
40. More specifically, Defendant should have discovered from its own records, including Plaintiffs' investigative materials, that the transactions at issue were unauthorized and fraudulent transactions.
41. Defendant did not have a reasonable basis for believing that Plaintiffs' account was not in error.
42. Defendant knowingly and willfully concluded that Plaintiffs' account was not in error when such conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation.

43. Through this conduct, Defendant violated 15 U.S.C. § 1693f.

44. Through this conduct, Defendant violated 15 U.S.C. § 1693g.

45. The abovementioned transactions were unauthorized electronic fund transfers as defined by 15 U.S.C. § 1693a(12); and, 12 C.F.R. 1005.2(m).

46. To date, Defendant continues to hold Plaintiffs responsible for the fraudulent transactions.

47. Since Plaintiffs' efforts to be absolved of the unauthorized fraudulent transactions were unsuccessful, Plaintiffs were required to bring this action to finally resolve Plaintiffs' dispute.

## CAUSES OF ACTION CLAIMED BY PLAINTIFFS

## COUNT I

## VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT
## 15 U.S.C. §§ 1693, ET SEQ. (EFTA)

48. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions constitute numerous and multiple violations of EFTA.

50. As a result of each and every violation of EFTA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

///

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that judgment be entered against Defendant for:

- An award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1) for Plaintiffs;
- An award of treble damages pursuant to 15 U.S.C. § 1693f(e);
- An award of statutory damages of no less than $100 nor greater than $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A) for Plaintiffs;
- An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(a)(3);
- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

51. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: October 1, 2024                                      Respectfully submitted,

**LOKER LAW, APC**

By: ___/s/ Scott M. Plescia, Esq.___
SCOTT M. PLESCIA, ESQ.
ATTORNEY FOR PLAINTIFFS